*989 OPINION.
Smith :
The petitioner contends that his claim against the Demó-crata Cananea Sonora Copper Co. was worthless in 1923 to the extent of at least $30,000; that in 1923 on the basis of all the available evidence the petitioner made a determination that the debt was worthless in an amount of at least $30,000, and that therefore under the law he is entitled to deduct this amount as a partial bad debt loss.
The petitioner’s return for 1923 was made under the provisions of the Revenue Act of 1921, which provides, so far as is here material, as follows:
Sec. 214. (a) That in computing net income there shall be allowed as deductions:
*******
(7) Debts ascertained to be worthless and charged off within the taxable year (or, in the discretion of the Commissioner, a reasonable addition to a reserve for bad debts) ; and when satisfied that a debt is recoverable only in part, the Commissioner may allow such debt to be charged off in part.
The record discloses that the petitioner’s claim against the company, of which he was treasurer at or about the time of his father’s death and president thereafter, was probably worth not in excess of $137,000 in 1923. The company had operated at large losses during the years 1918, 1919, and 1920, and there was no prospect that it would start operating again in the future. Apparently at the time the mine closed down in 1920, the only hope that the petitioner and his brother and sister had of recovering their claims against the company was from the sale of ore already mined and from the sale of supplies on hand and of the land and plant equipment. The evi-' dence indicates that the petitioner made no determination himself on the worthlessness of any portion of his claim against the company in 1923. On cross-examination the petitioner testified as follows:
Q. After you allowed your mine to flood in 1920, of course tiiere was very little cbance starting work then?
A. Tes.
*******
*990 Q. Mr. Hoffman, did you make any actual determination in 1923 of the worthlessness in part of this debt?
A. No. Mr. Castle and Mr. Santen looked after that. I am not much' on that end of it.
Q. And they rendered their report and placed this before you?
A. Yes.
Q. Which was the first knowledge you had of writing off the bad debt?
A. Yes, for 1923.
# # ⅜ ⅜ * ‡
Q. In view of your previous answer you ‘do not know any more reason the debt should have been written off in 1923 than in 1920, 1921 or 1922?
A. I think it was brought to my attention at that time that there was a debt of that kind, not being overly familiar with the books and how those things were worked.
Q. You would have written it off in 1921 if it had been brought to your attention, as well as in 1923?
A. I imagine so.
The evidence of record does not indicate an ascertainment of worthlessness by the petitioner of any part of the debt owed him by the company in 1923. It was suggested to him that, inasmuch as there was a very strong probability that he would never realize the full amount of his claim against the company, he was entitled to a deduction from gross income in his income-tax return for 1923 of the amount of the shrinkage in value. He therefore made the deduction.
The evidence all goes to show that all of the facts forming the basis for the deduction were known to him prior to 1923. The data upon which the respondent made his determination of the value of the ore in the mine for depletion purposes were furnished to the respondent by the petitioner or those in his employ. A debt that is fairly determined to be worthless in a year prior to the taxable year may not be claimed as a deduction from the gross income of the taxable year. Thomas J. Avery, 5 B. T. A. 872; (C. C. A.) 22 Fed. (2d) 6.
Conceding, but not deciding, that a taxpayer might talse a deduction of a debt determined to be worthless in part, which debt- was acquired by inheritance, the petitioner is not entitled to the deduction here claimed, because he has not proved that a portion of the claim against the Democrata Cananea Sonora Copper Co. was ascertained to be worthless in part within the taxable year. Simon Kohn, 8 B. T. A. 547; S. M. Robinson, 15 B. T. A. 589; Raymond G. Keeney, Executor, 15 B. T. A. 715. The action of the Commissioner in disallowing the deduction of $30,000 from gross income is therefore sustained.

Judgment will he entered for the respondent.